GAUDIN, Judge.
On May 13, 1985, St. John the Baptist Parish school board members Charles M. Duhon and Martin J. Bonura petitioned the 40th Judicial District Court contending that a recall election held on March 30, 1985 was invalid for various stated reasons. The named defendants filed an exception of no cause of action, which was subsequently sustained by the trial judge because the May 13th pleading had not been timely filed pursuant to LSA-R.S. 18:1405.
On appeal, Messrs. Duhon and Bonura argue that their cause of action arose under LSA-R.S. 18:1300.1 thru 1300.17, the segment of Title 18 concerned with recall elections, and that it had not prescribed by May 13th.
Appellees responded by stating that the trial judge’s ruling on the exception should be affirmed but for different reasons than those given by him in his judgment of June 13, 1985.
We affirm the trial judge, finding, as did he, that the May 13, 1985 petition, filed 44 days after the recall election, was not timely-
Prior to the March 30, 1985 election, Messrs. Duhon and Bonura had instituted this proceeding in district court contesting the procedures by which the recall petitions had been prepared. An injunction staying the election was unsuccessfully sought. The May 13, 1985 pleading was actually a supplemental and amended petition, filed after the election and again asking for injunctive and declaratory relief.
Appellants cite particularly R.S. 18:1300.-17, which reads:
“Nothing contained in this Chapter shall be construed to deny to any public officer recalled, or whose recall is sought, the right to contest the recall, or any proceedings in relation thereto, in any court of competent jurisdiction, for fraud or other illegality.”
There is no designated time for commencement of an action under R.S. 18:1300.17, nor is there any time limit stated anywhere else in that part of Title 18 dealing specifically with recall elections. The trial judge, in considering the merits of the exception, looked elsewhere in Title 18 for prescriptive time periods. Title 18 is the Louisiana Election Code.
Section 1405 of Title 18 is entitled “Time For Commencement of Action,” and is as follows:
“(A) An action objecting to candidacy shall be instituted within ten days after the close of qualifications for candidates in the primary election or within ten days after the defendant filed notice of his candidacy, whichever is later. After the expiration of the later time period set forth in this Section, no further action shall be commenced objecting to candidacy based on the grounds for objections to candidacy contained in R.S. 18:492.
“(B) All action contesting any election involving election to office shall be instituted within seven days after the date of the election, and no such contest shall be declared moot because of the performance or nonperformance of a ministerial function including but not limited to matters relating to the printing of ballots for the general election. Amended by Acts 1980, No. 506, § 1, eff. Jan. 1,1981; Acts 1982, No. 10, § 1, eff. Jan. 1, 1983; Acts 1984, No. 712, § 1, eff. July 13, 1984.
“(C) An action contesting an election on a proposed constitutional amendment shall be instituted within ten days after promulgation of the results of the election by the secretary of state.
“(D) An action contesting an election submitting a proposition to the voters, except a constitutional amendment or a proposition covered by Subsection E of this Section, shall be instituted within *1166 thirty days after the official promulgation of the results of the election. “(E) An action contesting an election on a proposition submitted to the voters relating to the issuance of bonds, refunding bonds, assuming an indebtedness, or levying a tax shall be instituted within sixty days after official promulgation of the results. If the legality of the election, the bond issue provided for, the tax authorized, or the assumption of indebtedness is not contested within the sixty days herein prescribed, the authority to incur the debt, levy the tax, or issue the bonds, the legality thereof, and the taxes and other revenues necessary to pay same shall be conclusively presumed to be valid and no court thereafter shall have authority to inquire into such matters.”
(Underlining provided.)
In his “Reasons for Judgment,” the trial judge said:
“In R.S. 18:1405(B), a seven day period is allowed during which an election contest involving election to office must be filed. Moreover, if the present election is taken as being a proposition submitted to the voters, then a period of thirty days is allowed to file suit by R.S. 18:1405(D). In either case, the present petition was not filed until May 13, 1985, well beyond the time limits fixed for either type of contest. The plaintiffs therefore have failed to state a cause of action, and the exception of the defendants is sustained.”
The trial judge correctly treated the May 13, 1985 supplemental and amended petition as an original petition contesting the results of the recall election and he properly applied the seven-day prescriptive period of R.S. 18:1405(B). No matter what had been previously pled, once an election has been held, including a recall election, a person challenging the results has seven days from the date of the election to file either a new suit or a supplemental and amended petition in a previously filed action.
The clear purpose of R.S. 18:1405 is to expedite election results and to preserve, as much as possible, the integrity of the elective process. See Fitzmorris v. Lambert, 382 So.2d 169 (La.App. 1st Cir.1979). In applying R.S. 18:1405(B) to recall elections, the trial judge carried out the apparent legislative will. Had the legislature meant for a different or special prescriptive period to apply to recall elections, it (the legislature) would have so stated somewhere in the recall elections portion or it could have amended or added to Section 1405.
Appellees, in their brief, contend that the trial judge should have sustained the exception of no cause of action because the plaintiffs had failed to present a controversy upon which an injunction or a declarative judgment could be based. We acknowledge substance in these contentions but see no reason to discuss them further.
For these reasons, we affirm the trial judge’s sustaining the exception of no cause of action with appellants to pay costs.
AFFIRMED.